FW17899

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

2012 OCT -4  PM 1: 17

CLERK OF COURT

| | | |
|---|---|---|
| ANDREW J. GONZALEZ | ) | |
| *Plaintiff.* | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | **4 - 1 2 C V - 7 0 8 - Y** |
| GC SERVICES | ) | |
| LIMITED PARTNERSHIP | ) | |
| *Defendant.* | ) | TRIAL BY JURY DEMANDED |
| | ) | |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual Plaintiff for Defendant's

   violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

   (hereinafter "FDCPA").

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA.

### JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

4. All conditions precedent to the bringing of this action, have been performed.

### PARTIES

5. The Plaintiff in this lawsuit is ANDREW J. GONZALEZ, a natural person, who resides

   in the State of Texas, in the County of Tarrant, and City of Fort Worth.

6. The Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  The Defendant in this lawsuit is GC SERVICES LIMITED PARTNERSHIP (herein after "GC SERVICES") a debt collection company with offices at 6330 Gulfton, Houston, Texas 77081.

8.  The Defendant's registered agent in the State of Texas is CT CORPORATION SYSTEM, 350 N. Paul STE 2900, Dallas, Texas 75201.

9.  Defendant, GC SERVICES is an entity who at all relevant times was engaged, by use of the mails, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1962a(6).

## VENUE

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), the occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

12. Venue is proper in the Northern District of Texas.

## FACTUAL ALLEGATIONS

13. Plaintiff individually, hereby sues Defendant GC SERVICES for violations of The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.

14. On August 01, 2012, Plaintiff received a letter from Defendant GC SERVICES stating that Plaintiff owed an alleged debt on an account that was referred to them.

15. On the letter Dated August 01, 2012 sent by Defendant GC SERVICES, Defendant stated, **"Important: Be Certain Your Account Is Correct."**

16. The statement made by Defendant **"Important: Be Certain Your Account Is Correct"** and asking for my personal information, can be concluded that Defendant was uncertain that Plaintiff owed the alleged debt.

17. On August 06, 2012 via United States Postal Service Certified Mail # 7011 3500 0001 0069 1253, Plaintiff sent a letter demanding that defendant validate the alleged debt they were attempting to collect per FDCPA,  15 U.S.C. § 1692g.

18. Defendant received the validation of debt and/or dispute letter from Plaintiff on August 08, 2012 according to United States Postal Service records.

19. Defendant did not respond with any information regarding letter sent by Plaintiff via United States Postal Service Certified Mail # 7011 3500 0001 0069 1253.

20. On or around September 16, 2012, Plaintiff reviewed his Experian and Equifax consumer report and noticed that GC SERVICES had placed derogatory and negative information on both Experian and Equifax consumer reports.

21. The action of Defendant placing derogatory and negative information on Plaintiff's Experian and Equifax consumer reports on or around September 16, 2012 is considered an attempt to collect a debt.

22. On September 16, 2012, Plaintiff disputed the derogatory account placed on his Experian and Equifax consumer report by Defendant via online dispute process provided by Experian and Equifax consumer report agencies.

23. On or around September 17, 2012, Defendant removed the alleged account from Plaintiff's Experian and Equifax consumer report.

24. On or around September 17, 2012, Defendant removed the alleged account from Plaintiff's Experian and Equifax consumer report, said action indicates that Defendant was not able verify the disputed information.

25. The only reason that the Defendant GC SERVICES communicated the erroneous and derogatory information regarding the alleged account in September 2012 to Experian and Equifax consumer reports was to attempt to collect on alleged account.

26. Based on a non-existent alleged debt, Defendant knew that Plaintiff did not owe any money to Defendant and still reported negative and derogatory information to Experian and Equifax consumer report.

27. On September 19, 2012 Plaintiff sent a notice of the violations of The Fair Debt Collection Practices Act to GC SERVICES by United States Postal Service certified mail #7011 3500 0001 0069 1635 with return receipt. This was in an effort to mitigate damages and reach a settlement for their violations before taking civil action against Defendant.

28. At no time has the Defendant GC SERVCIES ever responded to any of the attempts to communicate by Plaintiff.

29. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, 1692g AND 1692f BY DEFENDANT GC SERVICES LIMITED PARTNERSHIP**

30. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

31. Defendant's aforementioned conduct violated the FDCPA.

32. Defendant GC SERVICES actions of reporting derogatory and negative information on Plaintiff's Experian and Equifax consumer reports and then deleting the alleged debt from Plaintiff's consumer reports, said action indicates that Defendant does not have any right to collect the alleged debt and is a violation of 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

33. Defendant GC SERVICES blatantly violated 15 U.S.C. § 1692g in multiple ways be making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  October 04, 2012

Respectfully Submitted,

Andrew J.  Gonzalez
3451 River Park Drive
Apt#1211
Fort Worth, Texas 76116
(817) 975-5655
gonandrew@yahoo.com

JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW J. GONZALEZ

## DEFENDANTS
GC SERVICES LIMITED PARTNERSHIP

2012 OCT -4  PM 1: 17

**(b)** County of Residence of First Listed Plaintiff   **TARRANT**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **HARRIS**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

4-12CV-708-Y

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692, et. seq.

Brief description of cause:
Violations of The Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/04/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 17899   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                    Example:           U.S. Civil Statute: 47 USC 553
                                                                      Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a realted case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "realted" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.